Goeke, J., concurring: I agree with the opinion of the Court and write simply to clarify that the credibility of petitioners’ testimony played no role in the opinion of the Court because the issues addressed are legal, not factual. Credibility of their testimony was important only to the factual findings Judge Holmes made as the trial Judge in the companion Memorandum Opinion also released today. The Court is obviously aware of petitioners’ 1999 plea agreement with the U.S. attorney, which is discussed in both the opinions issued today. The opinion of the Court only referenced the plea agreement as the source for the “tax loss” figure discussed in both opinions. There were no credibility findings attached to that reference. In Judge Holmes’ Memorandum Opinion, the plea agreement was used in connection with the best evidence rule to serve as “other evidence” that reflects the content of Tryco’s missing payroll documents. Judge Holmes also made a credibility finding with regard to petitioners’ testimony. The Court is also aware that James Dixon pleaded guilty to Federal tax evasion for 2006, United States v. Dixon, No. 4:12CR00521-001 (S.D. Tex. Apr. 1, 2013), the same year petitioners testified that they knew nothing about the nonpayment of withheld taxes for tax years 1992-95. Similarly, Sharon Dixon was also later convicted for subsequent Federal tax crimes. United States v. Dixon, No. 4:12CR00522-001 (S.D. Tex. Feb. 13, 2013). Wherry, Kroupa, Morrison, and Lauber, JJ., agree with this concurring opinion.